UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANE C. BUCZEK,

              Petitioner,
  -vs-                            **No. 10-CV-384(MAT)**
                                       **DECISION AND ORDER**

CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO,

              Respondents.
_____

**I. Background**

Pro se petitioner Shane C. Buczek ("Buczek" or "Petitioner") filed an application in the above-referenced proceedings styled as petition for habeas relief under 28 U.S.C. § 2241.[1] Buczek challenged the constitutionality of his conviction, following a guilty plea on March 25, 2010, to one count of violating of 18 U.S.C. 1028(d)(4) (possession of a false identification document) in this Court (Skretny, J.). After providing notice and opportunity to withdraw, the Court converted Buczek's application into a motion

---

[1] The petition asserts the same grounds for relief that are raised in Buczek's two other habeas proceedings pending in this Court, Buczek v. Constructive Statutory Trust, et al., 10-CV-0382(MAT) (W.D.N.Y.), and Buczek v. Constructive Statutory Trust, et al., 10-CV-0383(MAT) (W.D.N.Y.).

-1-

to vacate pursuant to 28 U.S.C. § 2255. The Court proceeded to grant the Government's motion to dismiss the petition with prejudice.

Buczek has now filed a pleading captioned as a "Motion For Reconsideration." See Docket No. 31. Buczek cites Rule 60(b)(6) of the Federal Rules of Civil Procedure which provides that a district court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

As an initial matter, the Court observes that Petitioner's pleadings continue to ignore Rule 8 of the Federal Rules of Civil Procedure, which requires that "each averment of a pleading shall be simple, concise and direct." FED. R. CIV. P. 8(e). The Court fully recognizes that a pro se pleading should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all claims that may be fairly and reasonably inferred. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Fed. R. Civ. P. 8(a) and (e) imposes limits on the degree of "less stringency" or liberality which is required. See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (A district court may dismiss an action for a pro se party's failure to comply with Rule 8(a) and (e), provided that meaningful, less drastic alternatives have been explored.).

## II. Legal Standards

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." Herschaft v. New York City Campaign Fin. Bd., 139 F. Supp.2d 282, 283 (E.D.N.Y.2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Id. at 283 (quotation omitted). An alternative basis exists when movant demonstrates "the need to correct a clear error or prevent manifest injustice." Id. at 284.

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); House v. Secretary of Health and Human Servs., 688 F.2d 7, 9 (2d Cir. 1982). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994).

**III. Discussion**

In his motion, Buczek claims that the Court misunderstood the "gravamen of [his] argument" concerning the "Quorum Issue"–that is, "Title 18 U.S.C. (H.R. 3190 was 'passed' contrary to, and in violation of, the Constitution, i.e., there were only 44 members total who were present and voted to enact Title 18 (H.R. 3190) into law and not the required 218." Petitioner's Motion for Reconsideration at 4. Accordingly, Buczek argues, that Public Law 80-772 (which became Title 18, United States Code, and in particular, 18 U.S.C. § 3231)[2] is unconstitutional and void <u>ab initio</u>. Buczek maintains that the United States District Court acted without jurisdiction, his judgment and commitment order are void <u>ab initio</u>, and his imprisonment thereunder is fundamentally unconstitutional and unlawful.

The issues raised in Buczek's petition and in this motion for reconsideration "have been raised in futility many times" before by "convicted defendants resorting to frivolous and contorted theories

---

[2]

Federal courts are courts of limited jurisdiction, and Congress has conferred criminal jurisdiction upon federal district courts by means of 18 U.S.C. § 3231, which states in its entirety:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

18 U.S.C. § 3231. "18 U.S.C. § 3231 was enacted into law by Congress on June 25, 1948 by means of Public Law Number 80-772. 18 U.S.C. § 3231 has never been amended, and exists today in the exact same form that it existed in on June 25, 1948, and with the exact same words." <u>Charles</u>, 2008 WL 1995300, at *1.

of law." Garey v. United States, No. 5:03-CR-83-CDL, 5:08-CV-90024-CDL, 2010 WL 2507834, at *23 (M.D. Ga. Mar. 29, 2010) (citing Stewart v. United States, Nos. 1:07-kCV-3045-TWT, 1:08-CV-1005-TWT, 2009 WL 909547, at *3 (N.D. Ga. Apr. 2, 2009); United States v. Risque, 426 F. Supp.2d 310, 311 (E.D. Pa. 2006); United States v. Siegelman, Case No. 2: 05-CR-119-MEF-CSC, 2007 WL 1284276, at *1 (M.D. Ala. Apr.30, 2007); Choas v. USA Mining, Inc., Case No. 1:04-CV-1, 1:04-CV-138, 2007 WL 208530 at *16 (E.D. Tenn. Jan.24, 2007); Mayfield v. United States Att'y Gen'l., No. 2:07-CV 258, 2008 WL 2130234 (E.D. Tex. May 16, 2008); United States v. Chillemi, No. CR-03-0917-PHX-PGR, 2007 WL 2995726 (D. Ariz. Oct.12, 2007); United States v. Davis, No. 1:07-CR-13, 2007 WL 2317246 (E.D. Tex. Aug. 8, 2007)).[3]

Buczek asserts that "none of the cases cited [by this Court] . . . address [h]is narrow challenge to a properly convened Quorum of Congress under the Constitution, and [h]e knows of no case which has addressed this narrowly defined issue." Id. Buczek is incorrect. For instance, in Garey, the petitioner used similar

---

[3]

See also United States v. Abdullah, 289 Fed. Appx. 541, 543 (3d Cir. 2008); United States v. Campbell, 221 Fed. Appx. 459, 461 (7th Cir.2007); Webb v. Driver, Civil Action No. 5:08CV73, 2009 WL 529827, at *3 (N.D. W.Va. Mar. 2, 2009); United States v. Cunningham, Criminal No. DKC 08-00215, 2009 WL 3418589, at *1 (D. Md. Oct. 20, 2009); Charles v. Levi, No. 08-cv-1965, 2008 WL 1995300 (E.D.Pa. May 6, 2008); United States v. Hawkins, 2009 WL 585477 (M.D. Pa. 2009); United States v. Williams, 2007 WL 38080 (D. Kansas 2007); Lister v. United States, Nos. 3:06-cv-1355-N, 3:03-cr-374-N, 2006 WL 3751324 (N.D. Tex. Dec. 20, 2006); Cullum v. Fox, 1:06cv309, 2006 WL 3691170 (E.D. Tex. Dec. 11, 2006); Martinez v. Gonzales, No. 08-cr-19-T-27EAJ, 2006 WL 2982856 (M.D. Fla. Oct. 18, 2006); United States v. Lawrence, No. 02 CR 200, 2006 WL 250702, at *3 (N.D. Ill. Jan. 27, 2006).

language to contend, as Buczek does, that his conviction was "(1) obtained by a court whose statutory jurisdiction over the person of the offense was created under a federal statute passed in the absence of a quorum on May 12, 1947, to wit., H.R. 3190, and therefore unconstitutional; . . . [and] the district court issued warrants, orders sentencing and judgment under 18 U.S.C. § 3231, 62 Stat. 826, ch. 645, § 1(1948), which was not passed as a federal statute for lack of a quorum of Congress and therefore unconstitutional". Garey, 2010 WL 2507834, at *23. The cases cited by Garey as controverting the petitioner's argument included those cited by this Court in its Decision and Order. Contrary to Buczek's contention, all of these cases offer some variant of Buczek's attack on the legality of 18 U.S.C. § 3231 due to the failure of a quorum of Congress to vote upon it. All of the courts have found absolutely no legal or factual basis to accept this contention as valid.

In Charles v. Levi, the district court commented on the history of similar constitutional claims brought by defendants in other courts:

> 18 U.S.C. § 3231 was enacted into law by Congress on June 25, 1948 by means of Public Law Number 80-772. 18 U.S.C. § 3231 has never been amended, and exists today in the exact same form that it existed in on June 25, 1948, and with the exact same words. Petitioner claims that there was allegedly a sine die recess between the adoption of Public Law 80-772 by the House of Representatives and the adoption of Public Law 80-772 by the Senate, in violation of the United States Constitution. Various prisoners have made variations on

> this central argument, such as that the Speaker of the
> House and the President of the Senate allegedly met in
> one of their private offices during this alleged sine die
> recess and signed Public Law 80-772 into law without
> approval from their respective Houses, with the intent on
> their part to be deceptive. There are also variations on
> this central argument stating that the versions of Public
> Law 80-772 adopted by the Senate and the House of
> Representatives were allegedly not completely identical,
> and that therefore the statute was enacted in an
> unconstitutional manner; there are also variations on
> this argument stating that Congress's record-keeping
> concerning the events of June 25, 1948 was allegedly
> unclear and confusing, leading many prisoners to allege
> that something deceptive happened in Congress that day.
> Drawing upon these allegations, the argument is made that
> Public Law 80-772 was not enacted in a constitutional
> manner, and that therefore, every federal criminal
> conviction and/or sentence imposed by any federal court
> since June 25, 1948 is allegedly unconstitutional.

Charles v. Levi, 2008 WL 1995300, at *1.

"The United States Court for the Eastern District of Kentucky has somehow traced the origins of this untrue story to a letter written by a Congressional clerk named Jeff Trandhal on June 28, 2000, to a member of the public. The Eastern District of Kentucky has not discussed the contents of the letter except to say that it concentrated on an allegedly unusual pattern of Congressional adjournments in June 1948. This letter led to the rumor that Public Law Number 80-772 was not enacted in a constitutional manner and has spread to prisoners throughout the country." Id. (citing Mullican v. Stine, Civil Action No. 07-CV-129-KKC, 2007 WL 1193534, at *2 (E.D. Ky. Apr. 23, 2007) ("The Petitioner [Watford] has apparently taken a line from a legislative clerk's June 28, 2000 letter to someone else and extrapolated a theory that because

Title 18 was not voted on during Congress's June 1948 session, then that Title and all the revisions which flowed thereafter are void, and the various parts of the Department of Justice have no authority to hold him. He cites no authority so invalidating Title 18. . . . While the Courts are often criticized for using 'legal mumbo jumbo' unnecessarily or excessively, it is the instant Petitioner who has exceeded all bounds of the language this time.") (quoting Watford v. Gonzales et al., Lexington No. 06-CV-328 (E.D. Ky.) (Record No. 10) (unpublished opn.)).

"Even if the 1948 amendment to § 3231 were somehow defective, this court would retain jurisdiction over this case because the predecessor to § 3231, which Defendant does not challenge, provides for such jurisdiction as well." Risquet, 426 F. Supp.2d at 312 (citing United States v. Lawrence, 2006 WL 250702, at *1); accord Delreth v. United States, Criminal No. L-03-1745-6, Civil No. L-05-205, 2006 WL 1804618, at *4 (S.D. Tex. June 27, 2006)(noting that "even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated section 3231 would have operated to give the Court jurisdiction over federal crimes.").

**V. Conclusion**

For the reasons set forth above, Buczek has not pointed to any controlling decisions or evidence that this Court overlooked. In addition, Buczek has failed to provide a basis for concluding that he is entitled to relief from the Court's order due to mistake,

inadvertence, excusable neglect, newly discovered evidence, fraud, or some other exceptional or extraordinary circumstance. As he has failed to meet the stringent standard of either Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedures, Buczek's "Motion for Reconsideration" (Docket No. 31) is **denied with prejudice**. Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R.App.P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person from this Decision and Order. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED: October 24, 2011
Rochester, New York